**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re: | Case No. 13-43771-BDL |
| DAVID ALLEN PERMAN and<br>MARY DEE PERMAN,<br><br>                   Debtors. | **NOTICE OF<br>MEMORANDUM DECISION<br>RE: APPLICATION<br>BY DEBTOR'S COUNSEL FOR<br>COMPENSATION** |

The attached decision, filed in In re Weatherspoon, Case No. 11-46755-BDL, is applicable to the Application for Compensation [ECF No. 40] filed in this case.

NOTICE OF DECISION - 1

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>WILLIAM EDWARD WEATHERSPOON,<br><br>Debtor. | Case No. 11-46755-BDL<br><br>**MEMORANDUM RE: APPLICATION BY DEBTOR'S COUNSEL FOR ADDITIONAL ATTORNEY'S FEES** |

The application by counsel for the Debtor for approval of an award of additional fees (ECF No. 56) raises the question of who should receive funds on hand with the chapter 13 trustee when a case is dismissed or converted postconfirmation. The Court concludes that unless it orders otherwise *for cause* (or, in the case of conversion, if the Court determines that the conversion is in bad faith), the trustee should make the funds payable to the debtor, though the trustee may send the funds through debtor's counsel. Having concluded that the Debtor's counsel has not shown cause, the Court denies the application for approval of the current order proposed by counsel, and directs that counsel prepare an order consistent with this ruling.

1. **Background**

Debtor William Weatherspoon filed his petition for bankruptcy on August 25, 2011. His Chapter 13 plan was confirmed on December 1, 2011.

Shortly after confirmation, Debtor's counsel moved to obtain approval of original preconfirmation attorney's fees in the amount of $5,482.22. The Court entered an order approving original fees on January 9, 2012.

In April 2012, Debtor's attorney obtained a loan modification for his client, and the Court approved additional attorney's fees in the amount of $722.50. In December 2012, the Court approved fees for additional legal services counsel provided to Debtor in the amount of $541.70.

On November 30, 2013, Debtor's attorney filed this application for further additional fees, in the amount of $1,466.69, for legal work performed relating to another loan modification. (ECF No. 56) As with all the other motions for additional fees, no objections were filed. The Court finds that the fees and costs are reasonable and necessary and they will be approved. However, the proposed order on the motion submitted by Debtor's attorney contained the following language:

> The fees and costs awarded are administrative expenses under 11 USC §503(b) and shall be paid through the plan as directed herein. *If the case is later dismissed or converted, approved attorney fees shall be paid to Debtor's counsel pursuant to 11 USC §1326(a)(2) prior to funds being refunded to the Debtor.* Any refund to the Debtor following dismissal or conversion shall be made payable to the Debtor and forwarded to the Debtor through the office of Debtor's counsel.

ECF No. 58 (emphasis added).

On December 3, 2013, the Court lodged the proposed order in this case (ECF No. 60), as well as a similar order in *In re Perman,* Case No. 13-43771 (Bankr. W.D. Wash., filed June 6, 2013).[1] Concerning the lodged order, the Court issued a letter to the Debtor's attorney and the chapter 13 trustee, asking for additional briefing on whether the language in the proposed order italicized above conformed with the requirements of 11 U.S.C. §1326(a)(2), and if so,

---

[1] The Court's ruling in this case will be applied in the *Perman* case as well.

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 2

whether creditors other than the Debtor's attorney would be entitled to a distribution if cases were dismissed or converted post-confirmation.

**2. Analysis**

The proposed order to approve fees provides that if this case is dismissed or converted, any funds on hand with the trustee be paid to counsel to the extent there are any *approved but unpaid fees* at that point. This language raises the following issue: when a chapter 13 case is dismissed or converted postconfirmation, to whom does the chapter 13 trustee disburse the money?

If the dismissal or conversion order is entered *pre*confirmation, 11 U.S.C. §1326(a)(2) expressly answers this question: the trustee pays the funds which were "not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)."[2] To the extent the trustee holds funds which qualify under this section, the trustee must set aside funds to pay any *allowed unpaid* claims for debtor's attorney fees.

The statutes and case law regarding what happens to the funds held by the trustee if a case is dismissed or converted *post*confirmation is less clear, requiring analysis of the interplay between § 1326(a)(2) and § 349(b)(3).

Once a plan is confirmed, then § 1326(a)(2) provides that the trustee is to distribute "any such payment in accordance with the plan as soon as is practicable." However, in *In re Nash*, 765 F.2d 1410, 1414 (9th Cir. 1985), the Ninth Circuit held that in the case of a postconfirmation dismissal, the trustee should not disburse any funds on hand to non-attorney creditors under the plan but should return them to the debtor, relying on 11 U.S.C. §

---

[2] Even this specific language is not without some controversy. For a thorough analysis of § 1326(a)(2) in the context of disbursement of funds held by the trustee when a case is dismissed preconfirmation, *see In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006). This Court has previously ruled that, at a minimum, funds cannot be disbursed to counsel pre- or postpetition unless the claim is allowed. *In re Perman,* Case No. 13-43771, 2013 WL 5300690, at *5 (Bankr. W.D.Wash., Sept. 18, 2013).

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 3

349(b)(3). Section 349(b)(3) provides that dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before commencement of the case under this title."

While counsel for the Debtor agrees that *Nash*'s holding is correct as to non-attorney creditors, he argues that § 349(b)(3) and *Nash* do not and should not apply to disbursements by the trustee to pay the claims of Debtor's counsel. He argues first that funds paid to the trustee from postpetition earnings are not covered by § 349(b)(3), because they did not exist at the time of filing, and therefore cannot "revest" in the debtor.

Counsel next argues that *Nash* does not apply to administrative claims, not only because *Nash* did not specifically address administrative claims, but also because § 1326(a)(2) did not exist at the time *Nash* was decided. As a corollary, he argues that the special priority given to administrative claims under the Code and the existence of an agreement between the debtor and debtor's counsel to pay counsel's fees, require that those claims be paid upon dismissal, notwithstanding § 349(b)(3) and *Nash.* Lastly, there is an issue implicit in counsel's argument, which is whether the language at the beginning of § 349(b) allowing the Court to dispense with the provision's requirements for "cause" authorizes the proposed language in the order.

### A. Funds on Hand with the Trustee, Including Postpetition Earnings, Revest With the Debtor, Under § 349(b)(3)

11 U.S.C. § 1306(a)(1) provides that property of the bankruptcy estate includes, in addition to the legal and equitable interests described in § 541, "all property of the kind specified in … section [541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted to a case under, chapter 7, 11 or 12 of this title, whichever occurs first." Typically the funds on hand with the trustee in a Chapter 13 case are postpetition earnings of the debtor. Because § 349(b)(3)'s provision for revestment references property on hand at the commencement of the case, there is some suggestion in

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 4

the case law that perhaps postpetition earnings in the hands of the trustee might not be covered by § 349(b)(3). *In re Darden,* 474 B.R. 1, 9 (Bankr. D. Mass. 2012); *In re Lewis*, 346 B.R. 89, 107 (Bankr. E.D. Pa. 2006). But these cases do not explore the issue in depth, and the discussion in *Lewis* is dicta.

The contrary authority is more persuasive. Most recently, in *In re Hamilton,* 493 B.R. 31 (Bankr. M.D. Tenn. 2013)(Lundin, J.), the Court reviewed whether postpetition earnings in a chapter 13 are included as property of the estate within the scope of § 349(b)(3), meaning they would revest in the debtor upon dismissal. *Hamilton* concludes that the legislative history of § 349(b)(3), the case law (including the Ninth Circuit's decision in *Nash*), and public policy support the proposition that § 349(b) "serves to undo the bankruptcy case to the extent possible—to put all parties in the positions they were in before the case was filed." *Id.* at 38. From that premise, *Hamilton* goes on to hold that "Section 349(b)(3) is not ambiguous. At dismissal—unless the court, for cause, orders otherwise—all postpetition earnings of the debtor vest in the debtor." *Id.* at 39. This Court agrees with *Hamilton*'s analysis with one caveat.[3]

In the absence of a specific provision in the Code providing that the postpetition assets of the estate, including postpetition earnings,[4] are excepted from the operation of § 349(b)(3), the Court holds that § 349(b)(3) applies to all undistributed funds in the hands of the Chapter 13 trustee.

---

[3] The Court disagrees with statements by the *Hamilton* court in dicta that a chapter 13 plan could provide by its terms how undistributed funds would be distributed in the event of dismissal or conversion. *Id.* at 43-44. This suggestion is at odds with other parts of *Hamilton*, where the Court notes the prevailing view that the plan terms are "vacated" upon dismissal, and the parties are no longer bound by its terms. *Id.* at 41. The notion that a confirmed plan could predetermine disbursement of funds on hand with the trustee postdismissal is also at odds with the law in the Ninth Circuit, which holds that dismissal "effectively vacate[s]" the confirmed plan. *Nash,* 765 F.2d at 1413.

[4] The confirmed plan in this case provides in Paragraph VIII, Revestment of Property, that "…earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge."

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 5

**B. The Administrative Status of Debtor's Counsel's Claim Does Not Change the Result under § 349(b)(3)**

Counsel's second argument is that in *Nash*, the Ninth Circuit decided the entitlement of a garden variety creditor to funds on hand with trustee upon dismissal, not an administrative claim, and § 1326(a)(2) did not exist when *Nash* was decided. Counsel argues that § 1326(a)(2) indicates a Congressional preference for administrative claims, and the claims of a debtor's counsel in particular, citing *In re Garris*, 496 B.R. 343 (Bankr. S.D.N.Y. 2013). *Garris*, however, involved an application for fees in connection with a *pre*confirmation case dismissal where, as noted, there is express language allowing for payment of administrative claims before funds are returned to the debtor. Counsel cites no case or statutory provision addressing postconfirmation dismissals that would override § 349(b)(3), or establish some unique status for administrative claims in the event of postconfirmation dismissal.

It is unnecessary to discern some Congressional intent regarding what claims should be paid upon dismissal postconfirmation. The statutes are clear on their face. Section 1326(a)(2) requires trustees to disburse those funds according to the confirmed plan "as soon as is practical."

In this jurisdiction, the trustee makes disbursements at the end of each month, starting with the end of the first month after confirmation (unless the Court directs payment of a claim prior to confirmation). Unless there are unresolved issues relating to a claim provided for in the plan, no funds remain on hand with the trustee by the end of each postconfirmation month. If the case is dismissed or converted postconfirmation while funds are still on hand with the trustee (an unusual occurrence inasmuch as dismissal or conversion most commonly occurs because the debtor is not making plan payments), then § 349(b)(3) directs that the funds be returned to the party in whom they were vested at the commencement of the case, the debtor, "unless the court, for cause, orders otherwise."

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 6

Neither § 1326 nor § 349(b)(3) provides for payment of a claim, including administrative claims, when a case is dismissed postconfirmation.

### C. Counsel for the Debtor Has Also Not Shown Cause for Overriding § 349(b)(3)

Implicit in counsel's overall argument in support of the proposed order language is that the presence of unpaid, approved fees of the debtor's counsel serves as "cause" not to return the funds in the trustee's hands to the debtor upon dismissal. In *In re Lewis*, *supra* at 105, a case dismissed preconfirmation, the Court found cause for not revesting funds held by the trustee to the debtor based on the language of § 1326(a)(2). That form of "cause" is already explicit in the Code in the case of preconfirmation dismissals. It begs the question what constitutes "cause" when no statute specifically directs the trustee to pay the funds to a third party. "Cause" to preclude funds revesting in a debtor has been found where the Court concludes that the debtor acted in "bad faith" or where there were "inequitable" circumstances. *In re Darden, supra* at 12; *see also In re Tran*, 309 B.R. 330, 337 (BAP 9th Cir. 2004); *In re Torres,* No. 99–02609, 2000 WL 1515170 at *3 (Bankr. D. Idaho 2000).

Responding to an argument that failing to pay a debtor's counsel from funds on hand at dismissal will have "a chilling effect on counsel's willingness to represent debtors in chapter 13 cases," *In re Hamilton* suggested that counsel, who are most aware of impending dismissals, "can seek payment from undistributed funds by motion under the 'for cause' exception to § 349(b)." *Id.* at 43-44. The Court stated: "[i]n exercising the discretion afforded to the court under § 349(b)(3), I find it more equitable to require that all interested parties be given notice of the potential fund which exists for administrative expenses once the court intervenes to alter the presumptive revesting of estate property." *Id.* at 44, n.11.

This Court concludes that preemptive efforts by the Debtor's counsel to include terms in orders or plans directing allowed fees to be paid to debtor's counsel before returning funds to a debtor in the event of dismissal are inappropriate, when made before a motion to dismiss

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 7

is pending. There may be grounds for finding other administrative expenses should be paid from the funds on hand with the trustee at dismissal, but this will not be evident until a dismissal motion in fact arises. *In re Halabu*, 501 B.R. 685, 700 (Bankr. E.D.Mich. 2012)(finding cause more easily made out under § 349 for administrative-priority property taxes than for attorney's fees). Creditors may argue that the dismissal is a bad faith effort to avoid paying the funds to the creditor under the plan. And the debtor, too, may wish to raise arguments concerning the withholding of such funds. If any party in interest wishes to oppose the revesting of the undistributed funds in the debtor under § 349(b)(3), they may bring a motion, supported by cause, on notice.

### D. Language Providing for Disbursement of Funds to Debtor's Counsel in the Case of Conversion to Another Chapter Is Equally Inappropriate

11 U.S.C. § 348(f)(1)(A) provides that when a case is converted from chapter 13 to another chapter, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion…" except as provided in § 348(f)(2). Section 348(f)(2) provides in turn: "[i]f the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as the date of conversion."

Although § 348(f)(1)(A) is seemingly limited to property of the estate as of the petition date, courts have concluded that undistributed funds in the hands of the chapter 13 trustee as of the date of conversion belong to the debtor, not the creditors. In *In re Michael,* 699 F.3d 305, 316 (3d Cir. 2012), the Third Circuit held:

> [o]verall, a textual reading of § 348(f), particularly in light of its legislative history, leads us to conclude that undistributed plan payments held by a chapter 13 trustee at the time of conversion must be returned to the debtor absent bad faith. This result furthers Congress's preference that on conversion to Chapter 7 a Chapter 13 debtor receive all post-petition property that is held by the Chapter 13 trustee, but still is under the control

MEMORANDUM RE: APPLICATION FOR ADDITIONAL FEES - 8

of the debtor, so that debtors are encouraged to attempt to repay their debts through reorganization rather than liquidation.[5]

Unless a Court finds that conversion is in bad faith under § 348(f)(2) and the postpetition funds in the trustee's hands should not be returned to the debtor, the funds revest with the debtor.

This Court concludes that the language in the proposed order directing the chapter 13 trustee to pay the approved unpaid fees of Debtor's counsel before returning the funds to the debtor in the event of conversion is also inconsistent with the Code and must be stricken. There has been no showing or even allegation of bad faith.

### 3. **Conclusion**

The Court concludes that the application for additional fees is approved, as the fees were reasonable and necessary. However, as to the additional language in the proposed order awarding those fees, the Court holds that the Debtor's counsel has not established cause under § 349(b)(3) to require that if there are funds on hand with the trustee at some future hypothetical dismissal, those funds should first go to pay counsel's approved but unpaid fees.

Similarly, counsel has not and cannot show any bad faith at this time to support the language in the order providing for payment of such funds to Debtor's counsel in the event of some future conversion of the case. Counsel is directed to submit a new order deleting the offending language, but approving the application for fees.

*Brian D. Lynch*

---

[5] This holding is consistent with a point made in *In re Hamilton,* that "returning funds to the debtor at dismissal parallels the outcome for chapter 13 debtors who convert to chapter 7 in good faith under 11 U.S.C. § 348(f)." *Supra* at 43.

MEMORANDUM RE: APPLICATION FOR APPLICATION FEES - 9